The opinion of the Court was delivered by,
Dargan, Ch.
This was á case for the partition of real estate. The intestate left three several tracts of land, and a widow and three children as his heirs at law. There had been an order for partition, a writ had issued, and the Commissioners made their return, which was confirmed without exception. They assessed the value of the homestead at one thousand six hundred and fifty-eight dollars and eighty-eight cents, and assigned it to the widow, under the provisions of the Act of 1791, with her assent; and she was, and still is in possession thereof. The other tracts they assessed, one at nine hundred and twenty dollars, and the other at two hundred and ten dollars, making an aggregate of one thousand one hundred and thirty dollars. Finding it impracticable to make partition of these two tracts among the three children of the intestate, the Com *83 missioners assigned these two tracts collectively to them; and recommended a sale, that the proceeds might be divided. The tract assigned to the widow, according to the assessed value of the whole made by the Commissioners, exceeded her share, for which excess she was to be accountable. By the order of the Court, the two other tracts were sold; the first named, at two thousand dollars, and the other at one hundred and fifty-three dollars, making the aggregate of two thousand one hundred and fifty-three dollars; which, it will be perceived, exceeded the assessed value of the Commissioners by one thousand and twenty-three dollars. If the proceeds of this sale be added 'to the assessed value of the homestead assigned to the widow? which had not been sold, the total amount would be three thousand eight hundred and eleven dollars and eighty-eight cents. Assuming this sum as the true valuation of the whole real estate, and as the proper basis of division, tin, widow would be entitled to one third thereof, and the three children of the intestate to the remaining two-thirds.
In the Circuit Court, a claim was set up in behalf of the widow, that she was entitled to retain the tract of land assigned to her at its estimated value, as made by the Commissioners, and to participate in the excess of price which the other two tracts brought over their estimated value as set forth in the return. A motion -was made before the Chancellor, that the partition should be equalized in this manner; which motion was refused. And this is an appeal from that decision.
The injustice of equalizing the partition in this mode, and on this principle, is so glaringly manifest, that little need be said on the present occasion. If the whole real estate had been sold? and had brought more or less than its assessed value by the Commissioners, to divide the whole proceeds among the parties according to their respective rights, would of course have been fair, and is a case of daily occurrence. But this would have been to set aside the return of the Commissionérs altogether. How can this be, when the return was confirmed, and the de *84 cree of confirmation stands unreversed ? What is the effect of that decree ? It is, that the widow shall take the homestead at its assessed value, and account for the excess of such valuation over her distributive share. This decree was made by her consent, or at least with her acquiescence. She has not appealed, neither did she except.
If she had offered to submit the tract assigned to her, to the experimentum erueis of its value, namely, a sale at auction along with the others, and to have had her share of the whole estate, according to this standard of valuation, there would have been a greater color of reason and justice in her proposition. But she did not do this, and if she had, the others would not have been bound to accept the offer. She wishes to retain to herself alf the benefits arising from the action of the Commissioners in assigning to her a tract of land at an assessed value, and to participate with her co-distributees in the accidental benefits accruing to them, from the fact that the lands assigned to them, brought more at a subsequent sale than their value as assessed by the Commissioners at a former period. I have spoken of the benefits as accidental; for one of the tracts assigned to the children of the intestate brought more, and one less, than the assessed value by the Commissioners.
It would be a very great mistake, to attempt to attain equality by acting upon two different standards of value; one as adopted by the Commissioners, and the other as tested by an actual sale at auction. The results, as the one or the other standard was adopted, might largely vary. The Commissioners may have estimated the property at too low, but the presumption is, that they estimated it all upon the same standard. And in such case, there could he no injustice to any.
Who can undertake to say, that the Commissioners did not estimate the value of these several tracts rightly ? The assessment and partition were made some time (a year or more) before the sale was made. Who can say that the increase of price for which one of these tracts sold, was not owing to the *85 advancing value of real estate in the country, or in that vicinity ? And, if this be so, the value of the part assigned to the widow has advanced at the same ratio. Or without reference to any supposed actual appreciation, and on the supposition that the assessed value put by the Commissioners on the lands assigned to the defendants was erroneous, how does it appear that the widow’s portion, if sold at the same time, would not have brought the same advanced price ?
The foregoing views for the most part, tend only to show that the justice of the case abstractly considered, is with the appel-lees. It would be sufficient perhaps to say, that whatever might • be the hardship, real or imaginary, there could be no remedy in a case like the present. The Commissioners are authorized by law, (under a sound discretion,) to assign the estate of an intestate, or a portion thereof, to one or more of the distributees at any assessed valuation. If the assessment is too high, no one is bound to accept. If it is too low, the parties who are dissatisfied may file exceptions to the return, and be heard by the Court. But, when the return is made and confirmed, it becomes a decree of the Court, which can only be questioned as any other decree of the Court may. Until, or unless reversed or set aside, it is binding upon all the parties to the record. No party can afterwards say, that the land assigned to him or her, or to any of the co-distributees, was estimated at too high or low a value. It is a solemn judgment of the Court, that the land is worth so much, and, that the party to whom it is assigned shall take it at the price, and with the terms prescribed. The title of all the distributees then passes, and vests without further formality in the distributee to whom the land has been assigned; and, if it is in full of his share, he has thereafter no part or lot in the remainder. If it is in part, the rule has the same operation fro tanto.
Partial divisions of the same estate occurring at different periods, are by no means uncommon in practice. Where there are adult and infant distributees, it is sometimes desirable and *86 quite an usual arrangement in proceedings for partition, to assign to the adults their shares and to let the residue remain, and be kept together undivided for the infant parties jointly. If afterwards, it should be deemed necessary or expedient to sell the common estate of the infants for partition among themselves, and it should sell for more than its estimated value in the original partition, it would be a monstrous proposition to let the adults, who are in the possession and enjoyment of their shares, come in for a participation of the increased value of the portion of the infants. Yet the principle contended for on this appeal, would even warrant that injustice.
I will only further remark, that the conclusion at which I have arrived, is in conformity with the decision in Backler vs. Farrow, Rich. Eq. Cases, 178. Though that case does not afford a precise analogy as to the facts, the principle is considered to be the same.
It is ordered and decreed that the Circuit decree be affirmed, and that the appeal be dismissed.
JOHNSTON and DuNKIN, CO., concurred.
Wabdlaw, Oh., absent from indisposition.

Appeal dismissed.